UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORMA CHRISTIAN, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:03CV00524(RNC) |
| | : | |
| v. | : | |
| | : | |
| JUDICIAL BRANCH OF THE | : | |
| STATE OF CONNECTICUT, | : | |
| COURT OPERATIONS DIVISION | : | |
| and SABARINA SANTORO, | : | |
| *Defendants.* | : | August 16, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO COMPEL AND MOTION FOR SANCTIONS**

The defendants, through counsel, notified the plaintiff by facsimile on or about August 5, 2004 that it was proposing to file a Motion to Compel and for Sanctions regarding outstanding material requested at plaintiff's initial deposition held on May 25, 2004.  The facsimile requested that plaintiff's counsel contact the defendants' counsel no later than August 11, 2004 in an attempt to prevent what is currently occurring, the request for Court intervention.

Rather than contact the defendants' counsel, plaintiff's counsel filed a response to defendant's motion to compel and sanctions dated August 5, 2004 (sic).  The plaintiff's opposition is dated August 9, 2004, prior to defendants' filing.

The defendants filed the motion to compel (Doc. # 35) and accompanying papers (Doc. # 36-37) on August 12, 2004, after discussion with plaintiff's counsel.  The plaintiff's untimely response, which pre-dates defendants' motion, has been docketed as entry No. 38.

Now comes the defendants and reply to plaintiff's response which wholly misrepresents events that have transpired as follows:

1. The plaintiff has not provided the defendants with all documentation as requested that is responsive to Schedule A attached to the original deposition notice dated May 7, 2004. Schedule A specifically requests information regarding information in two lawsuits initiated by the plaintiff; <u>Christian v. Progressive Casualty</u>, CV03-0081055S, Judicial District of Ansonia/Milford at Milford and <u>Christian v. Stop & Shop Supermarkets</u>, CV 03-0083991S, Judicial District of Ansonia/Milford at Milford.

2. No objection has ever been raised to the information requested in Schedule A.

3. Despite representing the plaintiff at the May 25th deposition, Attorney Waisonovitz did not file an Appearance in this matter until June 16, 2004.

4. In her deposition on August 5, 2004, the plaintiff testified that the information had been provided to her counsel in July 2004, prior to the continuation of her deposition.

5. The continuation of the plaintiff's deposition, contrary to plaintiff counsel's assertion at ¶¶ 4 and 5, was not rescheduled for defendant counsel's "convenience." The continuation of plaintiff's deposition was re-noticed on four occasions at the representation of plaintiff counsel's law firm that no attorney was available, and other assorted explanations. The date was moved, by agreement, from a weekday in the middle of August to Thursday, August 5th as that weekday was more convenient for plaintiff's counsel and was prior to the discovery deadline of August 15th.

6. The continuation of the plaintiff's deposition occurred on August 5, 2004. Attorney Timothy Mahoney, who to date does not have an appearance in this instant matter, nevertheless represented the plaintiff as the representative from the Law Firm of Williams & Pattis, LLC.

7. Attorney Mahoney provided defendants' counsel with documentation from a lawsuit entitled <u>Christian v. Robert Wagner</u>, CV 02-0077484 S.  As raised at the time of the deposition, the defendants did not request this material and are in no position to determine its value at this point.   Nevertheless, the requested information still remains outstanding.

8. The undersigned spoke with Attorney Waisonovitz by telephone on August 12, 2004, <u>prior</u> <u>to</u> the filing of the Motion to Compel, informing her the information provided on August 5, 2004 was non-responsive and that compliance was expected.

9. The plaintiff's argument that it has provided the defendant with all information in her possession and control <u>at</u> <u>this</u> <u>time</u> is wholly unavailing and non-responsive to plaintiff's obligations under Rule 37(a) of the Federal Rules of Civil Procedure.

WHEREFORE, the defendants renew their request that the plaintiff be ordered to immediately comply with the rules of discovery by supplying the documentation requested within five (5) days of the granting of this motion or immediately suffer the

dismissal of this lawsuit with prejudice and their request for sanctions be granted in their entirety.

DEFENDANTS
JUDICIAL BRANCH, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Nancy A. Brouillet
Assistant Attorney General
Federal Bar No. ct03138
P.O. Box 120, 55 Elm Street
Hartford, CT  06141-0120
Tel:  (860) 808-5340
FAX:  (860) 808-5383
Email: Nancy.Brouillet@po.state.ct.us

## CERTIFICATION

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a copy of the foregoing **Defendant's Reply to Plaintiff's Response to Defendant's Motion to Compel and Motion for Sanctions** was sent via United States first class mail, postage prepaid, this 16th day of August, 2004, to:

Kim Coleman Waisonovitz, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT   06510

_____
Nancy A. Brouillet
Assistant Attorney General

4