UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORMA CHRISTIAN,<br>*Plaintiff* | : <br> : <br> : | CIVIL ACTION NO.<br>3:03CV00524(RNC) |
| v. | : <br> : | |
| JUDICIAL BRANCH OF THE STATE OF<br>CONNECTICUT, COURT OPERATIONS<br>DIVISION, and SABRINA SANTORO,<br>*Defendants* | : <br> : <br> : <br> : | July 29, 2004 |

### AFFIDAVIT OF SABRINA SANTORO

I, SABRINA SANTORO, having been duly sworn deposes and says:

1. I am over 18 years of age and believe in the obligation of an oath and have personal knowledge of the facts herein contained.

2. At all relevant times, I have been an Official Court Reporter with the State of Connecticut Judicial Branch, Court Operations Division, and am currently assigned to the New Haven Judicial District.

3. Norma Christian, the plaintiff, was employed by the Court Operations Division of the State of Connecticut Judicial Branch as a Court Reporter from 1977 through her retirement in 2003.

4. As a Court Reporter II for the Judicial Branch, Ms. Christian was responsible for recording verbatim testimony by operating stenographic equipment.

5. I was the plaintiff's supervisor at the Judicial Branch from 1986 until her retirement in 2003.

EXHIBIT NO. 2

6. I have no personal animus towards the plaintiff.

7. As Ms. Christian's supervisor, I was informed that she was involved in a motor vehicle accident on February 27, 2000 that caused her to be unable to work.

8. It was my understanding that Ms. Christian alleged that she was handicapped for a period of time and that she was unable to return to work for nearly one year.

9. Ms. Christian's possessions at work were moved by co-workers for safekeeping after three or four months of her being absent after I was notified that she was going to be out an extended period of time. I never touched her personal possessions.

10. On January 19, 2001, in my capacity as Ms. Christian's supervisor, I wrote to her inquiring when she anticipated returning to work and if any accommodations were required. (See letter appended hereto Attachment "A")

11. The plaintiff told her co-workers of an altercation she had with her boyfriend She informed them that she had "fixed him – stabbed him with a broken plate" and that she had "cut him" up. The co-workers were concerned and informed me about these comments.

12. I was not present when the plaintiff returned to work on February 23, 2001.

13. The plaintiff left me a doctor's note on February 26, 2001. The note was ambiguous and therefore, upon direction, I sought clarification inasmuch as the note that plaintiff "will probably have a lifting restriction and she will need to be able to get up and move around during short intervals." (See note appended hereto Attachment "B")

14. The plaintiff upon her return was assigned to the family court as the matters heard here were usually of short duration which would permit the plaintiff to change position frequently.

15. I gave the plaintiff a letter on February 28, 2001 reiterating that she should let whichever Judge to whom she was assigned know if she needed a recess. The letter

also requested that the plaintiff inform me if there was anything else with which she needed assistance. (See letter appended hereto as Attachment "C").

16. The plaintiff was not assigned to the most chaotic courtroom in the building upon her return to work.

17. When Ms. Christian returned to work, contrary to Judicial Branch policy, she used a court monitoring recorder to back up her own stenographic notes. The plaintiff's stenographic notes indicate that she utilized the court reporter monitoring equipment on a daily basis.

18. Stenographic reporters are paid more than court monitors. Several monitors reported to me that she was using court-reporter monitoring equipment and I became concerned that perhaps she was having trouble writing stenographically.

19. On March 15, 2001, I discussed with the plaintiff her use of monitoring equipment in the courtroom. The plaintiff at that time explained to me that she was utilizing this equipment because some of the court proceedings were too fast and she was unable to make an accurate and verbatim transcription strictly from her notes.

20. At no time prior to the time that I discovered that the plaintiff was utilizing court monitoring equipment did Ms. Christian inform me that she was experiencing difficulty in performing her duties.

21. When I became aware that she was having problems performing her court reporter duties, I offered to move the plaintiff to another work assignment, i.e., voire dire. The plaintiff declined this offer.

22. The job description for a Court Reporter II, such as the plaintiff, indicates that they are expected for an appeal to produce twenty (20) pages of transcripts while attending court. They are supposed to supply a reasonable time for delivery of the transcripts

consistent with the 20-page daily requirement. (See job description appended hereto as Attachment "D")

23. The plaintiff indicated by voicemail on April 20, 2001 that she anticipated the delivery of a 70-page transcript would not be until May 31, 2001. I forwarded a memorandum to the plaintiff, after consulting with my supervisor, that the due date for this transcription order was April 26, 2001. (See memo appended hereto as Attachment "E").

24. The plaintiff was assigned as a Court Reporter to Judge Alander's courtroom on March 8, 9 and 13, 2001.

25. Between March 8, 2001 and March 13, 2001, the plaintiff lost several days of stenographic notes and was unable to produce transcripts.

26. Due to the loss of the stenographic notes, at least one mistrial was declared.

27. I have never made any racial remarks about the plaintiff or any other Judicial Branch employee.

28. The plaintiff was not subjected to any adverse employment action and was not subjected to any discrimination due to the knowledge of her arrest for a domestic dispute involving her boyfriend.

29. I am not the plaintiff's employer but a supervisory co-worker.

30. I have read the foregoing statements and swear that they are true to the best of my knowledge and belief.

_____
Sabrina Santoro


STATE OF CONNECTICUT    )
                        )   ss. Hartford
COUNTY OF HARTFORD      )

Sworn and subscribed to before me on this 29th day of July, 2004.

_____
LEONARD AUSTER
~~Commissioner of the Superior Court~~
Notary Public
Commission Expires _____

**LEONARD AUSTER**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JAN. 31, 2009

Office of the Court Reporter
Superior Court
235 Church Street
New Haven, CT 06510
203-503-6822
January 19, 2001


Norma Christian
517 Grassy Hill Road
Orange, CT 06477

Dear Norma:

I hope you had a nice holiday season, and I wish you a happy and healthy 2001.

I am writing to you because I need an update of your current condition and plans on returning, or not returning, to work.

As of December 27, 2000, your sick time has run out and you should have been taken off of payroll. If you were paid past December 27th, it was in error because of how we coded you in on the attendance, and that needs to be rectified, and I apologize for any inconvenience this may cause you, and you will probably have to reimburse payroll for any amount you were over paid. An amendment to the attendance correcting this situation is following this letter.

If you are going to continue to be out of work, I need a medical certificate indicating your condition and that you are unable to return. If you are planning on returning to work, I need a medical certificate indicating when you will be able to return to work and if you have any restrictions. I spoke with Robert Coffey in Human Resources and these are things that need to be taken care of as soon as possible. If for some personal reason you don't want to send the medical certificate to me, you can send it directly to **Robert Coffey, Director, Human Resource Management Unit, 75 Elm Street, Hartford, CT, 06106**. It is very important that you get this done at your earliest possible convenience; the State of CT - Judicial Branch as your employer needs to know your status. However, if you simply choose to leave your position at this time, you'll need to send in a letter of resignation.

Feel free to give me a call, I would enjoy hearing from you.

Thanks so much for your prompt attention to this important matter.

Sincerely,


Sabrina Santoro

Cc: Robert Coffey, Director Human Resource Management
    Nicholas Cimmino, Trial Court Administrator
    Nancy Brown, Manager of Transcript Services


Santoro Affidavit Attachment "A"

**JOHN D. McCALLUM, M.D.**
Orthopaedic Surgery

| 450 Boston Post Rd. | 2408 Whitney Ave. | 230 George St. | 266 Broad St. | 325 Boston Post Rd. |
| Guilford, CT 06437 | Hamden, CT 06518 | New Haven, CT 06510 | Milford, CT 06460 | Orange, CT 06477 |
| (203) 453-6340 | (203) 407-3500 | (203) 789-2211 | (203) 882-3373 | (203) 891-1022 |

NAME: Norma Christian   AGE: ___   DATE: 1/30/01
ADDRESS: 

Norma Christian is under the care of Dr. McCallum for a left hip fracture. Estimated date of work return will be 2/23/01. At that time she will probably have a lifting restriction and she will need to be able to get up and move around during short intervals.

Rec'd 2/30/01
copy to [illegible]
10/30/01



Office of the Court Reporter
Superior Court
235 Church Street
New Haven, CT 06510
203-503-6822
February 28, 2001

Norma:

Whatever court you end up going into on any given day, just be sure and alert the judge when you need a recess.

Sometimes, as you know, they get involved in what they're doing and go past the usual recess time.

Just so you don't start getting uncomfortable, make sure you let them be aware whenever you need a recess.

If you need any assistance with anything or are having any work-related problems, please don't hesitate to come and see me and let me know so that we can try to rectify the situation; I can't help you with something that I'm unaware of, so it's important that you let me know of any problems.

Sabrina

Reissued 3/27/01

Santoro Affidavit Attachment "C"

```
                                            P-2/82
                                            EEO:  6
                                            BU:  43
```

DIVISON:              Superior Court

CLASS TITLE:          Court Reporter II

CLASS DEFINITION:     Under the supervision of an Official Court Reporter records and transcribes verbatim testimony in formal and informal legal proceedings.

EXAMPLE OF DUTIES:    Records verbatim testimony by operating stenographic equipment; operates a stenographic machine and records court hearings; transcribes court proceedings upon request; types memoranda, letters, vouchers and other correspondence for judges of the superior court; reads notes as to recommendations, dispositions and other court actions and outcomes for judge and other related court agencies and officers; deals with attorneys and other members of the public seeking transcripts and information; performs secretarial duties, as assigned; performs other related duties as required.

MINIMUM QUALIFICATIONS: Certification of the Board of Examiners of the State of Connecticut as a Court Reporter II.

Santoro Affidavit Attachment "D"

**COURT RECORDING MONITOR**

**UNCLASSIFIED**　　　　　　　　　　　　　　　S.G.　JZ12
**CLASS CODE:**　　9909　　　　　　　　　　　B.U.　43
**EEO CATEGORY:**　6　　　　　　　　　　　　O.G.　05
　　　　　　　　　　　　　　　　　　　　　　Effective Date
　　　　　　　　　　　　　　　　　　　　　　　　2/18/93

**DIVISION:** Superior Court

**CLASS DEFINITION:** Under the supervision of the Official Court Reporter of the Judicial District, is responsible for recording verbal testimony during courtroom proceedings using electronic recording equipment.

**EXAMPLES OF DUTIES:** Records verbal testimony during court proceedings; sets up and tests equipment; monitors the recordings using earphones; maintains proper notes of proceedings, including names of participants, case/docket number, tape and log numbers; clearly marks notes for recall testimony; prepares transcripts and appeal papers; assembles and maintains records and files; performs clerical duties, as assigned; performs other related duties as required.

**MINIMUM QUALIFICATIONS REQUIRED:** Two (2) years of clerical experience and the ability to produce typewritten material at a rate of 50 wpm.

## Appeals

The following are regulations regarding the production of appeals:

1. Your official will advise you that an appeal has been submitted and what dates are your responsibility.

2. You shall provide your official with an estimated number of pages and an estimated delivery date based on the required production of 20 pages of transcript for each business day. These required 100 pages per week are while attending court on a full time basis if so assigned, and are also above and beyond any other transcripts you may be responsible for. (See transcript priority list.)

3. Send a letter to non-state agencies for financial arrangements. See Practice Book 4019. Send a copy of this letter to your official, the Supervisor of Transcript Services, and the Appellate Court. Advise your official when arrangements are complete. (See example of letter.)

   All orders for appellate transcripts shall be paid for in full prior to submission of the Transcript Order Acknowledgement (T.O.A.) form. A receipt shall be provided when the payment is received.

   If, however, the ordering party and the reporter/monitor agree that payment may be made at a later date, that agreement must be in writing and must provide that the payment be made in full at least two weeks prior to the date estimated by the reporter/monitor when transcript production will begin. A copy of the agreement shall accompany the completed and submitted T.O.A. form. A receipt shall be provided when the payment is received.

   If the estimated total for the transcript exceeds $500, then a retainer not to exceed $500 shall be required. However, the ordering party and the reporter/monitor may agree in writing as to how the payment of any balance shall be paid, proved that the agreement requires that any balance be paid no later than two weeks prior to the estimated delivery date of the transcript. That agreement must be in writing and must accompany the completed and submitted Transcript Order Acknowledgement (T.O.A.) form. A receipt shall be provided when any payment (retainer or balance) is received.

3

**Sabrina Santoro**

# Memo

**To:** Norma Christian

**From:** Sabrina Santoro

**CC:** Nancy Brown

**Date:** 04/20/01

**Re:** Ricciuti vs. Ricciuti

---

I am in receipt of your voicemail of 7:28 a.m. this morning regarding the appeal in Ricciuti vs. Ricciuti.

You have stated the transcript is an estimated 70 pages. You have further stated that your estimated date of delivery is 5/31/01. Please be advised that this delivery date is unacceptable. As you are aware, you are required to produce appeal transcripts at the rate of **20 pages per day while attending court**. Your estimated delivery date of May 31st suggests that you would be producing the transcript at a rate of 2.4 pages per day.

Please be advised that after consultation with Nancy Brown, Manager of Transcript Services, your due date for this appeal is **4/26/01**.

This memo has been hand delivered to Ms. Christian via Robert Lessler, Chief Clerk, Juvenile Court, on this day, 4/20/01.

● Page 1                                                             Santoro Affidavit Attachment "E"