UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORMA CHRISTIAN<br>Plaintiff | : | CIVIL ACTION NO.<br>3:03CV0524(RNC) |
| V. | : | |
| STATE OF CONNECTICUT,<br>JUDICIAL BRANCH,<br>COURT OPERATIONS DIVISION<br>and SABRINA SANTORO | : | |
| Defendants | : | DECEMBER 3, 2003 |

### PLAINTIFF'S RESPONSES TO
### DEFENDANTS' INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to the provisions of Rules 33 and 34 of the Federal Rules of Civil Procedure, the defendants hereby requests the plaintiff, Norma Christian, respond to the following interrogatories within thirty (30) days of the certification of the mailing hereof, and to produce for inspection and/or copying such documents as may be hereinafter requested.

### INTERROGATORIES:

1. Identify the person(s) answering these interrogatories. Include the full name and address. See Instructions and Definitions, paragraph #7.

### ANSWER:

**Norma Christian**
**517 Grassy Hill Road**
**Orange, CT 06477**

2. According to Paragraph 5 of the Complaint dated March 24, 2003, the plaintiff was "handicapped for a period of time." Please identify with specificity what "handicap" plaintiff is making reference to and please identify the "period of time" as referenced in this paragraph.

### ANSWER:

EXHIBIT NO. 5

**I was involved in a car accident that caused my left hip to be broken which left me walking with a cane. Also, I was in a body brace for 6 months. Moreover, I was out of work for one year as a result of the injuries that I suffered.**

     3.    In paragraphs 11 and 12 of the Complaint, it states that the plaintiff "notified the defendants advising of the plaintiff's conditions and that the plaintiff would be able to return to work on February 23, 2001."

     (a)    Please identify the individual to whom notification was sent. See Instructions and Definitions, ¶ 7.

     (b)    Please state upon what facts the plaintiff relies to allege that defendant Santoro was notified about her return to work on February 23, 2001. Be specific with your response.

## ANSWER:

**I notified Eileen Rouse, Human Resources, and Ms. Santoro in the Superior Court. I personally took a copy of my doctor's "Return to Work" note and placed it on Ms. Santoro's desk since she was out sick on that date.**

     4.    In paragraph 14 of the Complaint, it states that plaintiff, upon returning to work after an absence of over one year in duration, found her belongings had been removed from her desk and file cabinet and placed in boxes.

     (a)    Please identify each and every item constituting plaintiff's "belongings."

     (b)    Does the plaintiff contends that defendant deprived her of her belongings? If so, identify what belongings were not returned to the plaintiff.

     (c)    Please state upon what facts the plaintiff relies to allege that the handling of her possessions was altered radically from "similarly situated employees" and identify the "similarly situated employees."

## ANSWER:

**a.    Dictating machine, books, transcripts, files containing transcript orders, shoes, tape recorder, pens, pencils, transcript covers, along with several other things;**

(a) Please identify what plaintiff claims was the "most strenuous assignment in the courtroom" to which she was assigned and when this assignment occurred.

(b) Please define what plaintiff is referencing when she states that defendant Santoro was "badgering" her.

**ANSWER:**

**a. The Family Court (short calendar), the first full week of my return to work;**

**b. She called me names; she intimidated me; she stuck notes on my door; she harassed me on the telephone and via memos and email.**

10. In paragraph 22 of the Complaint, it states that on March 16, 2001 defendant Santoro "subjected the plaintiff to verbal harassment in front of others concerning the plaintiffs work habits."

(a) Please identify the "others" who witnessed said discussion between the plaintiff and Santoro; please identify when the incident allegedly occurred and please identify where said incident took place. See Instructions and Definitions, ¶¶ 7-9.

**ANSWER:**

**This harassment happened on the 3rd floor in front of all those on the elevator; on the seventh floor, in my office. The only witness I recall is Al Raiford.**

11. In paragraph 22 of the Complaint, it states that defendant Santoro said to the plaintiff, "Get your ass to your office and do your transcripts" and further states that Santoro shouted to the plaintiff, "Get away from my office you black bitch."

(a) Please identify all individuals who witnessed the comments as alleged by the plaintiff in this paragraph. See Instructions and Definitions, ¶ 7.

(b) Please identify to whom the plaintiff complained regarding the comments as alleged in this paragraph, the date of such complaint, and also state in what form the complaint was made. See Instructions and Definitions, ¶¶ 7-9.

**ANSWER:**

**(a) There were no witnesses to these statements;**

**(b)    I did not complain to anyone. I did not feel I had anyone to complain to.**

12.    In paragraph 23 of the Complaint, it states that plaintiff's assignment to Juvenile court in New Haven would "surely cause her to suffer economically."

(a)    Please indicate whether, in fact, plaintiff has suffered economically and further indicate in what manner and the specific economic losses she has suffered.

## ANSWER:

**I made $12,000 less than when I was at the Judicial District. The loss came as a result of loss of transcript orders.**

13.    In paragraph 24 of the Complaint, it states that the on April 9, 2001, "defendant Santoro ordered the plaintiff in writing to turn in her stenographic notes at the end of each business day."

(a)    Please state if the plaintiff ever lost and/or misplaced her stenographic notes from a trial that caused a mistrial to be declared.

(b)    If the answer in (a) above is in the affirmative, indicate the date of such occurrence, the number of trials where such notes were lost and/or misplaced.

## ANSWER:

**a.    No;**

**b.    Not applicable.**

14.    State and every act of "opposition" that plaintiff claims she made as alleged in paragraph 27 of the complaint, further indicating when the acts occurred and in what manner (i.e., written or some other form).

## ANSWER:

**Written oppositions were in the form of grievances and my CHRO complaint. I made verbal complaints to Nancy Brown, until we were told not to contact Nancy Brown directly. (See attached memo.)**

15.    Identify the date of the "formal complaint" plaintiff alleges she made in paragraph 28 of the Complaint identifying the allegation of that formal complaint and

the identity of the "appropriate administrative agency."

**ANSWER:**

**CHRO complaint.**

16.   In paragraph 31 of the Complaint, it states that a CHRO fact-finding hearing, defendant Santoro "gave direct testimony about how it bothered her what the plaintiff had done to her boyfriend." Please state with specificity what "plaintiff had done to her boyfriend."

**ANSWER:**

**My boyfriend and I had a domestic dispute.**

17.   With respect to each and every one of the allegations in the Complaint, state with specificity all "damages" and/or losses that you claim to have suffered. Please itemize with particularity any and all monetary damages, whether potential or actual, which you claim to have incurred as a result of may of the allegations in your complaint asserted against defendants, and set forth in complete detail the dollar value of each element of claimed damages. Identify any documents relied upon, referred to or related to in your response to this interrogatory.

**ANSWER:**

**Monetary damages include a suspension for 6 weeks without pay, a suspension of 3 days without pay, and a transfer to the New Haven Juvenile Court, which resulted in a $12,000.00 loss of income. Emotional damages include being tortured at work, severe stress, nightmares and sleepless nights.**

18.   State whether you have ever filed a lawsuit, complaint, or grievance of any kind other than the instant lawsuit. If your answer is affirmative, identify the agency with which you filed the lawsuit, grievance or complaint, the date upon which such lawsuit, grievance or complaint was filed, the identity of the person(s) complained of, and the disposition of the matter.

**ANSWER:**

**I have been involved in landlord/tenant disputes where I have had to evict tenants. I was in a car accident which resulted in a personal injury action.**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORMA CHRISTIAN<br>*Plaintiff* | : CIVIL ACTION NO.<br>: 3:03CV0524(RNC)<br>:<br>: |
| v. | : |
| STATE OF CONNECTICUT,<br>JUDICIAL BRANCH,<br>COURT OPERATIONS DIVISION<br>and SABRIAN SANTORO<br>*Defendants* | :<br>:<br>:<br>:<br>: AUGUST 27, 2003 |

## OATH OF RESPONDENT

I, Norma Christian,, being of sound mind and legal age, and having been duly sworn, do hereby depose and say that:

1. I am the respondent identified in interrogatory no. 1 above.

2. The answers and documents provided in response to the attached interrogatories and requests for production are true, accurate and complete to the best of my knowledge and belief, excepting only those to which I have objected, if any.

_____
Norma Christian

Subscribed and sworn to before me this 25 day of NOVEMBER, 2003.

_____
~~Commissioner of the Superior Court/~~
Notary Public
My Commission Expires Sept. 30, 2005

19

**REQUESTS FOR PRODUCTION:**

The defendant(s) requests the plaintiff to produce, or make available for inspection and copying, the following:

1.   Copies of all medical reports and records, and itemized statements of medical expenses, pertaining to examination and/or treatment of the plaintiff for injuries incurred as a result of the incident(s) alleged in the Amended Complaint, including but not limited to, nurse's notes, charts, treatment summaries, physician's reports, bills or statements for prescription drugs or medicines, physician's services, hospital and/or operating room expenses, appliances, ambulance costs, recovery expenses and any other bills, costs or expenses referred to in answer to may of these interrogatories.

**RESPONSE:**

**None.**

2.   If lost wages or loss of future earning capacity are claimed as items of damages in this lawsuit, provide copies of the plaintiffs federal and state income tax returns, including all forms and schedules, for the two (2) tax years immediately preceding the tax year in which the alleged injuries were incurred, the tax year in which the alleged injuries were incurred, and the next two tax years following that in which the alleged injuries were incurred.

**RESPONSE:**

**This information will be provided immediately upon availability.**

3.   All documents that relate to any treatment, examination or consultation that you received in the past two (2) years for any psychiatric or psychological illness, disorder or condition.

**RESPONSE:**

**Attached.**

4    All documents, including letters, email, memoranda, notes, diaries or other writings kept by plaintiff that relate or refer to allegations in the amended complaint.

**RESPONSE:**

THE PLAINTIFF, NORMA CHRISTIAN

BY /s/ JOHN R. WILLIAMS
JOHN R. WILLIAMS
Federal Bar No. ct00215
Williams and Pattis, LLC
51 Elm St., Suite 409
New Haven, CT 06510
(203) 562-9931
Fax: (203)776.9494
Her Attorney

## CERTIFICATION

On the above-stated date a copy hereof was mailed, via first-class mail, postage prepaid, to:

Stephen J. Courtney, Esq.
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

/s/ JOHN R. WILLIAMS
JOHN R. WILLIAMS