UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORMA CHRISTIAN,<br>*Plaintiff* | : CIVIL ACTION NO.<br>: 3:03CV00524(RNC) |
| v. | : |
| JUDICIAL BRANCH OF THE STATE OF<br>CONNECTICUT, COURT OPERATIONS<br>DIVISION, and SABRINA SANTORO,<br>*Defendants* | :<br>:<br>:<br>: July 22, 2004 |

### AFFIDAVIT OF JAMES R. MAHER

I, JAMES R. MAHER, having been duly sworn deposes and says:

1. I am over 18 years of age and believe in the obligation of an oath and have personal knowledge of the facts herein contained.

2. I was Director, Court Operations Unit, in the Court Operations Division for the State of Connecticut, Judicial Branch and served in that capacity for four years. I am currently Director of the Administration Unit in the Court Operations Division of the Judicial Branch.

3. I was familiar with the plaintiff, Norma Christian, in my capacity as Director, Court Operations, for the Judicial Branch.

4. Nicholas Cimmino, New Haven Trial Court Administrator, Nancy Brown, Supervisor of Transcript Services and myself conducted a predisciplinary hearing on March 26, 2001 regarding a confrontation

EXHIBIT NO. 7

between the plaintiff and her supervisor, Sabrina Santoro, on March 16, 2001.

5. Based on the review of the events, and the statements offered by the plaintiff at the hearing, the plaintiff was given a written reprimand dated April 17, 2001 regarding her behavior that day. (See letter appended hereto as Attachment "A").

6. Nicholas Cimmino, New Haven Trial Court Administrator, Nancy Brown, Supervisor of Transcript Services and myself conducted a second investigation regarding the plaintiff's actions concerning the loss of stenographic notes and for failing to provide the corresponding transcripts. The failure to provide the corresponding court-ordered transcripts ultimately caused at least one mistrial to be declared.

7. During the course of the investigation, it was uncovered that the plaintiff utilized court-monitoring equipment on a daily basis, not just for three days as the plaintiff insisted.

8. A predisciplinary hearing was held on May 11, 2001 in New Haven to determine if disciplinary action was warranted for the loss of the stenographic notes.

9. The plaintiff's supervisor, Sabrina Santoro, and Judge Jon M. Alander of the New Haven Judicial District were interviewed by Nancy Brown and me on May 8, 2001.

10. Judge Alander was interviewed regarding proceedings in his courtroom on March 8, 2001, March 9, 2001 and March 13, 2001.

11. The plaintiff was the stenographer for the three dates listed and was unable to produce corresponding transcripts for those dates.

12. The plaintiff was represented at the May 11, 2001 predisciplinary hearing by counsel, Norman A. Pattis of the law firm of Williams & Pattis, LLC of New Haven.

13. It was determined, based on testimony, that the plaintiff had exclusive custody of the stenographic notes in question and failed either willfully or negligently to perform her statutory duty.

14. It was the unanimous opinion of those who conducted the investigation that the plaintiff destroyed the stenographic notes because she feared they would show that she was using the tape-monitoring machine.

15. Based on the investigation which was conducted, Ms. Christian was notified by letter dated May 30, 2001 that she was being suspended thirty (30) days without pay for failure to perform her statutory duties. (See letter appended hereto as Attachment "B").

16. The discipline imposed on the plaintiff was not based on her gender or color.

17. The discipline imposed on the plaintiff was in accordance with the State of Connecticut personnel regulations and the collective

3

bargaining agreement and not based on any discriminatory intent.

18. Other than the plaintiff, no court reporter assigned to the Judicial District of New Haven has been the subject of an investigation for destroying stenographic notes and being unable to produce a court-ordered transcript.

19. I have read the foregoing statements and swear that they are true to the best of my knowledge and belief.

_____
James R. Maher
Director, Court Operations

STATE OF CONNECTICUT    )
                        )  ss. Hartford
COUNTY OF Hartford      )

Sworn and subscribed to before me on this 29th day of July, 2004.

_____
~~Commissioner of the Superior Court~~
Notary Public
Commission Expires

SHIRLEY A. TURNBULL
NOTARY PUBLIC
MY COMMISSION EXPIRES NOV. 30, 2006

4

JUDICIAL BRANCH
COURT OPERATIONS DIVISION
225 Spring Street
Wethersfield, CT 06109
Fax:(860) 563-8134

Director     (860) 563-9435

April 17, 2001

Ms. Norma Christian, CSR
Juvenile Matters Court
239 Whalley Avenue
New Haven CT 06511

Dear Ms. Christian:

    On March 26, 2001 a pre-disciplinary hearing was conducted to determine whether sufficient justification exists to impose discipline upon you for, among other things, failure to follow a direct order from your supervisor and failure to perform your assigned duties. These allegations were the result of a confrontation you had with your supervisor on the afternoon of March 16th, 2001 in the New Haven JD Courthouse. Based on my review of the events that occurred on March 16th, and taking into account your statements offered at the disciplinary hearing, you are hereby given a written reprimand regarding your behavior on that afternoon.

    Managers have a clear obligation to ensure that assigned employees are performing their duties in a prescribed, competent fashion, and, moreover, that employees are at their appropriate duty station, unless previously excused. As part of that obligation, supervisors have the right to ask staff what work they currently are performing, and to make inquiries regarding the location of employees during the work day. Your heated refusal to answer the question "do you have any work to do?" and your refusal to explain where you were during part of the work day are in direct conflict with this supervisory obligation and are antithetical to a productive work environment.

    I anticipate that this written reprimand will preclude a repeat occurrence of your failure to respond to legitimate inquiries from your supervisor. In the event that there is a reoccurrence, you may be subject to more serious discipline.

Very truly yours,

James R. Maher
Director, Court Operations

C:    Robert Bosco
       Nicholas Cimmino

Maher Affidavit Attachment "A"

Sabrina Santoro
Nancy Brown

letters/disc-christian



**JUDICIAL BRANCH**
**COURT OPERATIONS DIVISION**
75 Elm Street
Hartford, CT 06106-1692
Fax: (860) 722-1613

**ADMINISTRATION**

| | | | |
|---|---|---|---|
| Director | (860) 722-1612 | Interpreting Services | (860) 722-5880 |
| Administrative Services | (860) 722-5889 | Personnel Services | (860) 722-1697 |
| Facilities/Maintenance Services | (860) 722-1653 | Seized Property | (860) 722-5843 |
| Financial Operations Services | (860) 722-1628 | Strategic Management | (860) 568-7012 |
| Computer Systems Support | (860) 722-1688 | | |

May 30, 2001

Ms. Norma Christian, CSR
Juvenile Matters Court
239 Whalley Avenue
New Haven CT 06511

Dear Ms. Christian:

On May 11th of this year a hearing was held in New Haven to determine whether you should be disciplined for losing stenographic notes and for failing to provide the corresponding transcript(s). This failure to provide the corresponding court-ordered transcript(s) ultimately caused at least one mistrial to be declared.

Connecticut General Statute Sec. 51-61 (c) provides that "Each court reporter and monitor shall, when requested, furnish ... within a reasonable time, a transcript of the proceedings ... as may be desired." Based on testimony at the May 11th hearing it was determined that you had exclusive custody of the notes in question and failed either willfully or negligently to perform your statutory duty. This determination was made, notwithstanding your allegation that Official Court Reporter Ms. Sabrina Santoro (your supervisor) already had possession of the notes, thus precluding you from preparing the transcript(s).

The transcript of a proceeding is an integral part of the entire court process and court reporters, as noted above, have a statutory obligation to provide one when "desired." This is especially true for at least one of the hearings involved in this investigation where the transcript was the *sole* record of the court proceedings as well as the resulting court order. In this instance you clearly had the duty to provide the transcript. Aside from your statutory duty, you also failed in your duty to the litigants involved in the case. The resulting mistrial declaration will cause the parties to re-incur legal expenses and may expose them to a verdict that differs from the original court determination. This outcome reflects very poorly on the Judicial Branch and undermines, in a fundamental way, the public's confidence in the integrity and competency of the court process.

*"Valuing Our Customers, Employees and Community"*

Maher Affidavit Attachment "B"

Given your failure to perform your statutory duties, the hardship you created for the parties involved in the litigation, and the harm you have caused to the reputation of the Judicial Branch, I hereby suspend you from work without pay for thirty (30) working days. This suspension will commence on Monday, June 4, 2001 through Friday, July 13, 2001.

Please be further informed that any similar incident of the inappropriate behavior discussed herein will be met with more serious discipline, which most likely will lead to the termination of your employment with the State of Connecticut, Judicial Branch.

Very truly yours,

Joseph D. D'Alesio
Executive Director
Court Operations

C: James Maher, Director of Administration
Robert D. Coffey, Director of Human Resource Management
William Sadek, Judicial District Chief Clerk
Sabrina Santoro, Official Court Reporter
Nancy Brown, Supervisor of Transcript Services
Ronald Macchio, Manager of Administrative Services, Superior Court
Maria Kewer, Personnel Officer
Cynthia Egan, President, AFSCME Local 731

Genadmin/christian-disc

*"Valuing Our Customers, Employees and Community"*.