Ch. 874                    COURT REPORTERS                              69

**Sec. 51-61.   Court reporter to be sworn. Duties. Transcript.** (a) Each official court reporter, before entering upon the duties of his office, shall be sworn to faithfully perform them and shall then be an officer of the court. He shall attend the court and make accurate records of all proceedings in the court, except sessions of small claims and the arguments of counsel, provided upon the request of any party, he shall make accurate records of the arguments of counsel.

(b)   Each official court reporter shall, if the judge or judges of the court so direct, employ assistant court reporters and monitors to attend such court as the judge or judges may desire. He shall not employ assistant reporters or monitors receiving a per diem rate to attend any session unless their employment is authorized by the judge holding the session. Each assistant court reporter or monitor, before entering upon his duties, shall be sworn to faithfully perform them.

(c)   Each official court reporter, assistant court reporter and monitor shall, when requested, furnish to the court, to the state's attorney or any assistant or deputy assistant state's attorney, to any party of record and to any other person, within a reasonable time, a transcript of the proceedings, or such portion thereof as may be desired, except that, if the proceedings were closed to the public, such court reporter or monitor shall not furnish such transcript or portion thereof to such other person unless the proceedings were commenced on or after October 1, 1988, and the court in its discretion determines that such disclosure is appropriate.

(d)   Whenever a transcript of proceedings, or a portion thereof, has been requested by any party of record pursuant to subsection (c) of this section, the court reporter or monitor shall furnish a transcript or portion thereof to the state's attorney, assistant state's attorney or deputy assistant state's attorney at no cost as provided in subsection (c) of section 51-63.

(e)   Whenever a transcript of proceedings, or a portion thereof, has been requested by the state's attorney, assistant state's attorney or deputy assistant state's attorney and the public defender, assistant public defender or deputy assistant public defender, the court reporter or monitor shall provide a transcript or portion thereof, in a form that may be photocopied, to either such state's attorney or such public defender and the cost of such transcript, or portion thereof, shall be shared by such state's attorney and such public defender.

(f)   Each official court reporter, assistant court reporter and monitor shall inform the court whenever a transcript of proceedings, or a portion thereof, has been requested by the state's attorney, assistant or deputy assistant state's attorney or any party of record pursuant to subsection (c) of this section. If such transcript or portion thereof has been requested, the court, upon request, shall receive from such court reporter or monitor a transcript, or portion thereof, at no cost as provided in subsection (c) of section 51-63.

(g)   Whenever the court deems it necessary, it may order a transcript of the proceedings, or any part thereof, to be filed with the clerk of the trial court.

(h)   All records of the proceedings taken on the trial of any action shall, within thirty days after the action has been submitted, be filed with the clerk or the clerk's designee, except that for the purpose of transcribing such records the court reporter or monitor may at any time withdraw them for a reasonable time.

(1949 Rev., S. 7729; 1953, S. 3135d; P.A. 76-436, S. 74, 681; P.A. 78-280, S. 79, 127; P.A. 82-248, S. 59; P.A. 84-23; P.A. 88-31; June Sp. Sess. P.A. 91-12, S. 43, 55; P.A. 93-142, S. 6, 8; P.A. 98-81, S. 4.)

Christian v. Judicial 3:03CV0524 (RNC)

**EXHIBIT NO.   8**

**GRIEVANCE PROCEEDINGS**
**JUDICIAL BRANCH**
D-ES-28    Rev. 11-91

INSTRUCTIONS {
1. Prepare an original and 3 copies and distribute as follows:
ORIGINAL to designated recipient for grievance step 1.
COPY 1 to your union representative
COPY 2 to your department head
COPY 3 to the Manager of Labor Relations of the Judicial Branch

| NAME OF GRIEVANT | NAME AND LOCATION OF COURT OR OFFICE | | |
|---|---|---|---|
| Norma Christian | Superior Court 235 Church St New Haven | | |
| TITLE OF GRIEVANT | BARGAINING UNIT | DIVISION OR UNIT | SHIFT (Circle one) |
| Court Reporter | AFSCME - Local 749 | Court Operations | (1st) 2nd 3rd |
| DATE OF ALLEGED VIOLATION | SPECIFIC CONTRACT PROVISION VIOLATED (Give article and section number) | | |
| 4/2/01 | Article XXX | | |

STATE FACTS AND ISSUES INVOLVED (Attach additional sheets if necessary)

Transferred to 239 Whalley Ave from 235 Church St New Haven

STATE SPECIFIC REMEDY OR RELIEF SOUGHT (Attach additional sheets if necessary)

To return her duty station to 235 Church St New Haven.

I hereby declare that all statements made herein are true and accurate to the best of my knowledge and I desire representation as follows:

☐ I WILL REPRESENT MYSELF.

☒ MY REPRESENTATIVE WILL BE:

NAME AND TITLE OF REPRESENTATIVE

Frank Cresso    Chief Steward

| SIGNED (Grievant) | DATE SIGNED | SIGNED (Representative) | DATE SIGNED |
|---|---|---|---|
| X Norma Christian | 4/2/01 | [signature] | 4/2/01 |

ANSWER TO ABOVE GRIEVANCE (Attach additional sheets if necessary)

| DATE RECEIVED | DATE OF MEETING | DATE OF RESPONSE | SIGNED (First Supervisor outside bargaining unit) |
|---|---|---|---|
| | | | |

] I ACKNOWLEDGE SETTLEMENT OF MY GRIEVANCE.

] I APPEAL THE DECISION AND REQUEST REVIEW AND RESPONSE BY MY DEPARTMENT HEAD.

| SIGNED (Grievant) | DATE SIGNED | SIGNED (Union representative) | DATE SIGNED |
|---|---|---|---|
| | | | |

ANSWER TO ABOVE GRIEVANCE (Attach additional sheets if necessary)

| DATE RECEIVED | DATE OF MEETING | DATE OF RESPONSE | SIGNED (Dept. head or designee) |
|---|---|---|---|
| | | | |

| I ACKNOWLEDGE SETTLEMENT OF MY GRIEVANCE.

I APPEAL THE DECISION AND REQUEST REVIEW AND RESPONSE BY THE CHIEF COURT ADMINISTRATOR OR DESIGNEE.

| SIGNED (Grievant) | DATE SIGNED | SIGNED (Union representative) | DATE SIGNED |
|---|---|---|---|
| | | | |

ANSWER TO ABOVE GRIEVANCE (Attach additional sheets if necessary)

EXHIBIT NO. 9

Christian v. Judicial 3:03CV00524(RNC)



NOV 2 5 2002

COMMISSION ON HUMAN RIGHTS
AND OPPORTUNITIES
CAPITOL REGION

## AMENDED COMPLAINT

***********************************************************

NORMA CHRISTIAN                          :

VS.                                      :        CHRO NO. 0210109
                                         :        EEOC NO. 16AA11443

CONNECTICUT JUDICIAL.                     :
BRANCH, COURT OPERATIONS
DIVISION                                 :        NOVEMBER 22. 2002

***********************************************************

Comes now Complainant and amends the original complaint filed in this action on or about and in support of the amended complaint alleges and states as follows:

1. That complainant adopts each and every allegation contained in the original complaint unless specifically altered by expressed provisions to the contrary; and/or

2. Complainant amends the last paragraph and adds the following particulars:

**During the fact finding held on November 14, 2002, it was revealed that an agent of the respondent was bothered by the fact that the complainant had been arrested for what she termed, "domestic violence".**

**As a result of said admission, the complainant believes that a violation of Connecticut General Statute (CGS) 46a-79 and CGS46a-80 has occurred.**

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint and amended complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

Being duly sworn, on oath, states that s/he is the Complainant herein; that s/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at New Haven, Connecticut this 22nd day of November, 2002

By and through her counsel

_Dawne Westbrook_ → Dawne Westbrook

EXHIBIT NO. 10

Christian v. Judicial
3:03CV0524 (RNC)