STATE OF CONNECTICUT

COMMISSION ON HUMAN RIGHTS & OPPORTUNITIES

| | | |
|---|---|---|
| NORMA CHRISTIAN | : | |
| | : | |
| VS. | : | CHRO NO. 0210109 |
| | : | EEOC NO. 16AA11443 |
| CONNECTICUT JUDICIAL | : | |
| BRANCH, COURT OPERATIONS | : | |
| DIVISION | : | OCTOBER 23, 2001 |

**COMPLAINANT'S REPLY TO RESPONDENT'S CONTENTIONS**

| | | | |
|---|---|---|---|
| STATE OF CONNECTICUT | ) | | |
| | ) | SS: | New Haven |
| COUNTY OF NEW HAVEN | ) | | |

NORMA CHRISTIAN, having been duly sworn, states:

I have reviewed the response of the Judicial Branch to my complaint and this is my reply thereto.

**Paragraph 5** I had visited Ms. Santoro's office on two days prior to the day on which I left her the note which the Respondent mentions at Paragraph 5 of its response. Ms. Santoro was absent from her office on each of the three days I visited her office in my attempt to notify her of my impending return to work. Prior to that, I had notified the Benefits Section of the Judicial Branch that I was ready to return.

**Paragraph 6** See above. On the day I returned to work, a member of Ms. Santoro's staff, in my presence, telephoned Ms. Santoro at home to advise her of my

return.  Ms. Santoro falsely claimed she knew nothing about my return to work and I spent the day at work with no assignment.  In addition, I had sent the physician's letter to the Benefits Office prior to these visits.  When I gave Ms. Santoro my physician's note my second day back at work, she told me that it was "not satisfactory" and ordered me to return home, telling me that I would be paid only for the time I had been in the office that day prior to being ordered to leave.  She said, among other things: "I have to know whether you can lift your stenograph machine."

**Paragraph 8** While it is true that offices are used by others when the regular occupants are absent, it is not true that personal belongings are removed from the desks under these circumstances.  Moreover, the desk from which Ms. Santoro removed my belongings in fact was not being used by anybody.  The desk which was being used was a personal desk which I had purchased.  Therefore, there was no excuse for the removal of my belongings from the other, unused, desk.  Ms. Santoro's denial that my boxes were overturned and that m personal possessions were scattered over the floor is false.  In fact, Ms. Santoro was not even present when I made this discovery so clearly she has no basis for her denial.  As to the removal of my keyboard tray and the breaking of my tripod, I have photographs which prove this damage.

**Paragraph 9** A caucasian male suffered a heart attack and was out for five months on an emergency basis.  All of his property was left on his desk and was not disturbed during his absence.

**Paragraph 10**  The handicap parking space in front of the building is on a "first come, first served" basis and usually was taken when I arrived at work. Contrary to Ms. Santoro's claim, the written request for return of the key card which she mentions in this paragraph was my *second* such request to her and not my first. She ignored my first request.

**Paragraph 12**  Because of the nature of their assignments, some judges make far lighter demands upon court reporters than others. For example, Judge Reynolds, located only a few steps from my office, handled tax appeals and ordinarily was through by 11 a.m. Judge Alander was located farther from my office than any other courtroom in the building and his courtroom was always the busiest and required the most work.

**Paragraph 14**  Ms. Santoro is aware of three white caucasian male court reporters, two at the 235 Church Street courthouse and one at the 121 Elm Street courthouse, who often use the monitoring equipment as backup to their note-taking. Contrary to her claim, Ms. Santoro never offered to move me to a court reporter assignment taking voir dire.

**Paragraph 15**  Ms. Santoro's allegations are false. The abuse I was receiving from Ms. Santoro was so bad and so pervasive that Nancy Brown once asked me whether something had happened between the two of us before my accident and at another time promised to come down to New Haven to look into things.

**Paragraph 16**   Ms. Santoro fails to offer any explanation for taking my notes, a procedure which is definitely not standard treatment of court reporters.

**Paragraph 18**   If any notes "have never been recovered," they are notes which were taken from me by Ms. Santoro.

_____
NORMA CHRISTIAN

Subscribed and sworn to before me this 23rd day of October, 2001.


_____
Commissioner of the Superior Court

<u>CERTIFICATION OF SERVICE</u>

On October 23, 2001, a copy hereof was mailed to Ann-Laurie Parent, Personnel Officer, Human Resource Management Unit, 75 Elm Street, Hartford, CT 06106.

_____
JOHN R. WILLIAMS