UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 OCT -1 P 2: 11

NORMA CHRISTIAN,                         :      CIVIL ACTION NO. DISTRICT COURT
    *Plaintiff*                        :      3:03CV00524(RNC) D.J., CT.
                        :
    v.                      :          :

JUDICIAL BRANCH OF THE                   :
STATE OF CONNECTICUT,                    :
COURT OPERATIONS DIVISION                :
and SABRINA SANTORO,                     :      September 29, 2004
    *Defendants.*                      :

## DEFENDANTS' REPLY BRIEF TO THE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO SUMMARY JUDGMENT

The Defendants reply to the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment. In response, the Plaintiff has now abandoned her claims pursuant to Conn. Gen. Stat. §§ 46a-60, 46a-79 and 46a-80 ("CFEPA") (Plaintiff's Brief at p. 5). Moreover, the Plaintiff states that the Rehabilitation Act claim, the Title VII claim, and the claim for injunctive relief are only brought against Judicial. (Plaintiff's brief at p. 6). The Plaintiff continues to press a state law claim for intentional infliction of emotional distress against Defendant Santoro and to seek money damages against her based upon 42 U.S.C. §§ 1981, 1983. (Plaintiff's brief, p. 6).

Notably, in opposition to summary judgment, the Plaintiff has submitted a "Local Rule 56 Statement" that does comport with the requirements of the Rule. The attached "exhibits" are not labeled, and the Defendants are only left to guess which documents are referred to in the Plaintiff's Rule 56 Statement. Further, the Plaintiff submits only conclusory statements from the Plaintiff's self-serving 2001 affidavits to her complaint to the Commission on Human Rights and Opportunities and her 2003 responses to interrogatories. Yet, given Plaintiff's May 2004 sworn responses to the Defendants' Requests for Admission and August 2004 deposition testimony,

Plaintiff cannot now claim there is a genuine issue of material fact to defeat summary judgment based solely on these prior self-serving, conclusory statements.  A party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that contradicts the affiant's deposition testimony. See <u>Hayes v. New York City Dep't of Corr.</u>, 84 F.3d 614, 619 (2d Cir. 1996); <u>Stolow v. Greg Manning Auctions, Inc.</u>, 80 Fed. Appx. 722,  2003 U.S. App. LEXIS 23408 (2d Cir. 2003). The Plaintiff's Memorandum and Local Rule 56(a)2 Statement fail to raise a single genuine issue of material fact based on evidence that would be admissible at trial.

## ARGUMENT

To survive a motion for summary judgment, the non-moving party may not simply rest on the pleadings or conclusory or speculative accusations or arguments, but must submit, *specific, concrete* evidentiary support for any claims that a material issue of fact exists requiring trial. <u>Alteri v. General Motors Corp.</u>, 919 F. Supp. 92, 94-95 (N.D.N.Y. 1996), aff'd, 116 F.3d 465 (2d Cir. 1997) (internal quotations omitted)(emphasis added). Any inferences drawn in favor of the plaintiff must be supported by evidence. <u>Silberberg v. Lynberg</u>, 186 F. Supp. 2d 157, 165 (D. Conn. Feb. 20, 2002)(Thompson, J.). Here, Plaintiff fails to meet this burden.

The sole documentation Plaintiff provides in her Opposition papers are copies of the Plaintiff's interrogatory responses and her affidavits that accompanied the CHRO complaints. These consist of inadmissible, conclusory and self-serving accusations which cannot provide the

basis for a genuine issue of material fact. Further, Plaintiff has failed to refute Defendants' legal arguments or evidence.[1] The Plaintiff's total lack of evidence to support the essential elements of her claims compels the conclusion that no reasonable jury could render a verdict in her favor. Accordingly, as set forth more fully below and in Defendants' Memorandum in Support of Motion for Summary Judgment, even when the pleadings and evidence are viewed in a light most favorable to the plaintiff, summary judgment is warranted in favor of the Defendants as to all counts of Plaintiff's Complaint.

## I.      The Eleventh Amendment Bars Plaintiff's Claims Under: 42 U.S.C. § 1981; Pursuant to Section 504 of the Rehabilitation Act; For Money Damages And Injunctive Relief

The Court must dismiss the Plaintiff's claims against the Defendants, the Judicial Branch and Sabrina Santoro, brought pursuant to: 42 U.S.C. §1981; Section 504 of the Rehabilitation Act; for money damages and injunctive relief, on the grounds that they are barred by the Eleventh Amendment as set forth in the Defendants' original memorandum. The Plaintiff has failed to specifically address this argument in her opposition brief other than to admit that the Second Circuit has prohibited the award of money damages under the Rehabilitation Act. (Plaintiff's brief at p. 6). While the Plaintiff argues that Garcia v. S.U.N.Y. Health Sciences Center, 280 F. 3d 98 (2d Cir. 2001) is wrongly decided, it is the controlling precedent. Thus, the

---

[1]      Defendants request that Plaintiff's Local Rule 56(a)2 Statement be disregarded, that the facts set forth in Defendants' Local Rule 56(a)1 Statement be deemed admitted as provided by the Rule and that summary judgment be granted for Plaintiff's failure to submit any triable issue of material fact. Rule 56(a)3 requires that each statement of material fact in a Local Rule 56(a) Statement "by movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." Id. Plaintiff relies solely on her responses to interrogatories and 2001 affidavits to the CHRO which simply set forth more detailed and unsupported allegations, hearsay and self serving statements. Plaintiff fails to submit any *admissible* documentary evidence to support Plaintiff's allegations. See Rule 801, Federal Rules of Evidence; Lichtman & Sons v. Dollar Steamship Line, 13 F. Supp. 717, 719 (E.D.N.Y. 1936) aff'd, 91 F.2d 1015 (C.C.A.2 1937)(holding that hearsay in interrogatory responses is inadmissible); see also Futoma v. City of Hartford, 208 F.3d 202 (2d Cir. 2000)(granting summary judgment for failure to comply with Local Rule 9(c).

Plaintiff's claims under the Rehabilitation Act are barred by sovereign immunity and should be dismissed.

## II.    Claim Under the Rehabilitation Act of 1973,  29 U.S.C. § 701 et seq.

The Plaintiff claims that she was "disabled" under this Act, but incorrectly uses the definition of disability not under this Act, but of another law, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102.  (Plaintiff's brief at p. 7).   This Plaintiff has not brought an ADA claim.

Likewise, the Plaintiff repeatedly cites cases that do not involve a claim under the Rehabilitation Act, but rather the ADA. (Plaintiff's brief at pp. 7-8).  These cited cases, Goldring v. Sillery Mayer & Partners, 119 F. Supp. 2d 55 (D. Conn. 1999); Ennis v. National Association Business and Educational Radio, Inc., 53 F.3d 55 (4th Cir. 1995);  Toyota Motor Mfg. Ky, Inc. v. Williams, 534 U.S. 184, 122 S. Ct. 681 (2002); Webner v. Titan Distribution, Inc. 267 F.3d 828 (8th Cir. 2001), are inapplicable.  As the Plaintiff fails to submit any case law under the Rehabilitation Act to support her allegations, this court should grant the Defendants' motion for summary judgment.

In fact, a review of the applicable law demonstrates the Plaintiff is unable to establish a prima facie case under the Rehabilitation Act. The Act defines "an individual with a disability" as "any individual who (i) has a physical or mental impairment  which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having an impairment." 29 U.S.C. § 706(8)(B).  Relevant factors to consider in determining whether an individual is "substantially limited in a major life activity" include: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact of or resulting from the impairment. 29

C.F.R. § 1630.2(j)(2). Plaintiff's injury does not qualify as a disability under the Act. There was

no evidence that the Plaintiff's ability to work was substantially limited by the hip problem.

Plaintiff has merely alleged that she was "handicapped for a period of time" based upon a

fractured hip that occurred in a car accident. (Facts, ¶ 14). While the Plaintiff's response attempts

to bolster her claims of "disability" – the pleadings are an admission that the plaintiff's claimed

disability is only that she was "handicapped for a period of time". (Facts, ¶ 14).   When the

Plaintiff returned to work, she was able to walk without crutches. (Facts, ¶ 21).  Plaintiff has **not**

alleged that she was permanently impaired in a major life activity.   Moreover, the Plaintiff's

ability to work was not generally limited, and therefore her injury did not constitute a substantial

limitation on a major life activity. Because the Plaintiff did not have a "disability" within the

meaning of the Act, the employer had no duty to accommodate the claimed impairment.

A recent District Court decision supports the Defendants' position.  Smith v. Potter,

Postmaster General of the United States,   U.S.D.C. No. 3:03CV471(DJS), 2004 U.S. Dist.

LEXIS 15162 (D. Conn. August 2, 2004).  In granting the  defendant's motion for summary

judgment, the court concluded that the plaintiff had not proven a disability, saying:

> Temporary injuries, without substantial limitations and permanent effects, do not warrant
> protection. See, e. g., Stronkowski v. St. Vincent's Med. Ctr., 1996 U.S. Dist. LEXIS
> 2230, No. 3:04CV2175(AHN), 1996 WL 68440, at *7 (D. Conn. August 1, 1996)
> (holding that employee with temporary back injury, which required her to work part-time
> and undergo physical therapy, did not substantially limit her major life activity under the
> ADA) n2; McCottry v. Runyon, 949 F. Supp. 527 (N.D. Ohio 1996) (holding that postal
> employee's broken leg, that resolved itself and showed no lingering disability, did not
> substantially limit major life activity as a matter of law).

Just as in Smith, this Plaintiff has not produced any evidence to show that her injury

persisted or was permanent in nature. Specifically, she has not produced medical reports to show

that she is still suffering from the impairment or any other evidence regarding the severity,

duration or permanence of her condition indicating that her ability to work is substantially limited. See McCottry, 949 F. Supp. at 530..

Further, to recover monetary damages under the Rehabilitation Act, the Plaintiff would need to show that any violation resulted from "deliberate indifference" to the rights the disabled enjoy under the Act. Powell v. Nat'l Bd. of Med. Exam'rs, 2004 U.S. App. LEXIS 19474 (September 16, 2004) quoting Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 94, 112 (2d. Cir. 2001). The Plaintiff cannot meet this burden. She is unable to show that a material issue of fact exists that would prevent Defendants from being entitled to summary judgment.

**III.    The Plaintiff Has Failed To State a Valid Title VII  Claim**

The Plaintiff has now abandoned the claim that the Title VII action is brought against the Defendant Santoro. (Plaintiff's brief at p. 2). The Defendant Judicial is entitled to summary judgment on this count for several reasons: Title VII does not prohibit discrimination based on a temporary disability; Title VII does not prohibit discrimination based on a previous arrest; and the Plaintiff cannot prove that the legitimate, non-discriminatory reasons for the Defendants' actions are false and are a pretext for discrimination.   The Plaintiff's brief boasts many conclusory, self-serving statements to raise an issue of fact,  but does not cite to her Rule 56(a) statement. (Plaintiff's brief at pp. 9-17).  Yet, the Plaintiff cannot rely upon "mere speculation or conjecture as to then true facts to overcome a motion for summary judgment." Lipton v. The Nature Company, 71 F.3d 464, 469 (2d Cir. 1995).

Title VII employment discrimination cases are analyzed  under the familiar McDonnell Douglas/Burdine burden-shifting framework. First, the plaintiff must establish a prima facie case of discrimination on account of race, color, or national origin. See Weinstock v. Columbia Univ.,

224 F.3d 42, (2d Cir. 2000). If the plaintiff meets this requirement, the burden then shifts to the

employer to articulate a legitimate, non-discriminatory reason for the employee's termination.

See Id. "For the case to continue, the plaintiff must then come forward with evidence that the

defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination. The

plaintiff must produce not simply some evidence, but sufficient evidence to support a rational

finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and

that more likely than not discrimination was the real reason for the employment action." Id.

Clearly, the Plaintiff cannot meet her burden of proving by a preponderance of the

evidence a prima facie case of discrimination by Judicial. The Plaintiff was not performing her

court reporter duties satisfactorily. The Plaintiff failed to produce court-ordered transcripts and

lost stenographic notes resulting in at least one mistrial. (Facts, ¶ 47). The Plaintiff admits that

she was a court reporter responsible for producing verbatim testimony through use of

stenographic equipment, but admitted that she used the court monitor's recording equipment.

(Facts, ¶¶ 6, 33-35).

Once a plaintiff has established a prima facie case, the burden shifts to Defendants to

produce evidence of a legitimate, nondiscriminatory reason. "This burden is one of production,

not persuasion; it can involve no credibility assessment." Reeves v. Sanderson Plumbing, 530

U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)(internal citations, quotations, and

alterations omitted), and is satisfied if the proffered evidence "'taken as true, would permit the

conclusion that there was a nondiscriminatory reason for the adverse action.'" Schnabel v.

Abramson, 232 F.3d 83, 88 (2d Cir. 2000). However, the plaintiff always bears the ultimate

burden of persuading the trier of fact that the defendant intentionally discriminated against the

plaintiff." Reeves, 503 U.S. at 143; see also Schnabel, 232 F.3d at 88 n.2. An employer is

entitled to judgment as a matter of law if the record conclusively reveals some other,

nondiscriminatory reason for the employer's decision, or if the plaintiff creates only a weak issue

of fact as to whether the employer's reason was untrue and there is abundant and uncontroverted

independent evidence that no discrimination had occurred." <u>Reeves</u>, 530 U.S. at 148.  That is

precisely the situation in the instant matter.

　　　　The Defendant Judicial has raised several nondiscriminatory reasons for its actions, thus

rebutting any prima facie case. The Plaintiff herself admits that as a court reporter she was

required to take verbatim testimony through the use of stenographic equipment. (Facts, ¶ 6) Yet,

the Plaintiff admits using the court monitor's recording equipment. (Facts, ¶ 33).  Plaintiff was

disciplined in accordance with State personnel regulations and her collective bargaining

agreement for her failure to produce transcripts and other performance problems. (Facts, ¶ 93).

The Plaintiff offers no direct evidence of such discrimination, and points to no (truly) similarly

situated employees who were treated differently than herself. (Facts,¶ 91)  The Plaintiff could

not point to any white reporters who like her were absent without prior notice to the employer or

were out of work for nearly a year.  (Facts, ¶¶ 11-13).

　　　　The Second Circuit Court of Appeals has held that for a plaintiff to establish that she was

treated more harshly than "similarly situated" employees, not in plaintiff's protected class,

plaintiff must compare herself to others that are similarly situated **in all material respects**.  At a

minimum, this means this Plaintiff must compare herself to all the Court Reporter II's who were

employed at the New Haven Judicial District in 2001.  Yet, the Plaintiff seeks to compare herself

to others employees who were not truly "similarly situated."  There were no other court reporters

who lost notes and were unable to produce transcripts.  No court reporter assigned to the Judicial

District of New Haven, other than the Plaintiff, has been the subject of an investigation for

destroying the stenographic notes and being unable to produce a court-ordered transcript. (Facts, ¶ 91) There were no other court reporters who were out of work a year without advance notice of their leave to the employer. (Facts, ¶¶ 11-12). This Plaintiff cannot establish that she was treated more harshly than similarly situated workers.

Accordingly, the Plaintiff cannot offer more than speculation or a difference in opinion about her capabilities to perform the Court Reporter II position, and that is not sufficient to prove a pretext for discrimination. See Tilghman v. Waterbury Bd. of Educ., 312 F. Supp. 2d 185 (2004). The Defendants have articulated  legitimate, nondiscriminatory reasons for their actions as the Plaintiff court reporter was unable to produce transcripts of court proceedings. Measured against the forgoing standard, the Defendants are entitled to summary judgment as a matter of law.  Plaintiff has failed to provide adequate evidence that the legitimate non-discriminatory reasons offered by the Defendants were false; this motion for summary judgment must be granted on the Plaintiff's Title VII  claims.

**IV.    The Plaintiff Cannot Establish a § 1983 Claim Against Defendant Santoro And She Is Entitled To Qualified Immunity From Damage Claims**

Qualified immunity is available to government officials whose "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed.2d 396 (1982). The Plaintiff presents no factual dispute that Santoro is entitled to qualified immunity.

Certainly, Santoro's conduct was objectively reasonable under the circumstances.  The Plaintiff has offered no credible evidence to suggest that Santoro's actions to ensure that transcripts were taken accurately and timely provided violated clearly established law.  This is especially so in light of the undisputed lack of personal involvement on Santoro's part in determining the discipline of the Plaintiff and the complete lack of evidence suggesting an "unconstitutional motive" on the part of Santoro. Santoro did not conduct the investigation of the

Plaintiff that led to her discipline.  (Facts, ¶¶ 52, 57-59).   Accordingly, the court should grant

the Defendants' Motion For Summary Judgment on the grounds of qualified immunity.

**V.    Plaintiff Cannot Establish a Claim For Intentional Infliction Of Emotional Distress**

The Plaintiff's complaint alleges a state law claim of intentional infliction of emotional

distress against Santoro. (Plaintiff's brief,  p. 17).  However, the Plaintiff cannot establish the

four elements to a cause of action for intentional infliction of emotional distress: (1)  [t]hat the

actor intended to inflict emotional distress; or that he knew or should have known that emotional

distress was a likely result of his conduct; (2)  that the conduct was extreme and outrageous; (3)

that the defendant's conduct was the cause of the plaintiff's distress ; and (4)  that the emotional

distress sustained by the plaintiff was severe.  Petyan v. Ellis, 200 Conn. 243, 253 (1986).

Recently, the Connecticut Supreme Court addressed the standard required for a claim of

intentional infliction of emotional distress.  Morrissey v. Yale University, 268 Conn. 426, 844

A.2d 853 (2004). Morrissey was employed as an administrative assistant and Carmen Baez was

her co-worker.  The employer knew that Baez was addicted to painkillers, fired her, and then

rehired her. The defendant employer knew of "tension" between the plaintiff, Baez and Baez's

boyfriend, Percy Penn, on the other. Co-employee Baez and Penn made several derogatory

comments to the plaintiff.  These remarks included, "Boy did you get fat." and "Well, I guess

[the plaintiff] wouldn't know anything about kids since she doesn't have any, her husband must

have been shooting blanks." Baez also threatened the plaintiff, pointing her finger at the plaintiff

and stating, "Sooner or later I'm going to kick your fucking ass." Morrisey informed her

supervisor of these remarks.

The Supreme Court upheld the trial court's granting of the defendant's motion for

summary judgment on the intentional infliction of emotional distress claim. The trial court had

concluded that the evidence for intentional infliction of emotional distress did not approach the

level of outrageousness required by the Supreme Court, which requires that "the conduct was extreme and outrageous." Morrissey v. Yale Univ., 48 Conn. Supp. 394, 846 A.2d 234, 2003 Conn. Super. LEXIS 974 (2003). Clearly, the conduct in Morrissey was much more shocking than alleged to have occurred in the instant case.

Further, this court has recently noted that the standard of conduct is stringent. In Coleman v. Town of Old Saybrook, et al., No. 3:03CV01275 (RNC), 2004 U.S. Dist. LEXIS 7442; 15 Am. Disabilities Cas. (BNA) 1006 (D. Conn. 2004), this court concluded that specific actions of employees in barring plaintiff from school property, inaccurately reporting the theft of an ice cream bar, refusing to rehire plaintiff, and saying that plaintiff was "lucky" that the police did not arrest her did not meet the standard in granting defendants' motion for summary judgment.

Likewise, the conduct alleged by this Plaintiff does not meet the standard and Santoro is entitled to summary judgment on the intentional infliction of emotional distress claim.

## CONCLUSION

For all of the foregoing reasons, the Defendants respectfully submit that there is no genuine dispute as to all the material facts despite the conclusory statements of the Plaintiff made prior to her deposition testimony, and the Defendants are entitled to summary judgment as a matter of law.

11

DEFENDANTS,
JUDICIAL BRANCH OF THE
STATE OF CONNECTICUT,
COURT OPERATIONS DIVISION
and SABRINA SANTORO

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Nancy A. Brouillet
Assistant Attorney General
Federal Bar No. ct03138
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail: Nancy.Brouillet@po.state.ct.us

## CERTIFICATION

I  hereby certify that a copy of the foregoing Defendants' Reply Brief was mailed in

accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 29th day of September,

2004,  first class postage prepaid to:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510
Email:  jrw@johnrwilliams.com

_____
Nancy A. Brouillet
Assistant Attorney General